IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DA'JWAN QUINTAJ MONROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25CV35 |
| | ) | |
| CORPORAL RODRIGUEZ, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case involves claims from *pro se* plaintiff and pretrial detainee Da'Jwan Quintaj Monroe that he is being mistreated by prison staff, including one of the named defendants, Corporal Rodriguez. *See* Docket Entry 2 at 12–13. The case is now before the Court on a motion that Monroe refers to as a "motion to be heard."[1] *See* Docket Entry 20-1.

Monroe's motion requests that the Court "transfer [Monroe] to another county jail for safe keeping until [his] criminal charges [are] brought to court for sentencing pursuant to the N.C.G.S. 162-39." *See* Docket Entry 20 at 1. Monroe alleges that:

- He is "being harassed and intimidated by . . . Cprl. Rodriguez";

- Rodriguez has communicated "threats [of] aggressive natures" to Monroe through other people at the jail;

- Monroe's "legal mail with critical and personal information such as addresses, phone numbers, etc. [has] gone missing during a search conducted with Cprl. Rodriguez himself with no answer as to where [the] mail has gone";

- Monroe has "filed numerous grievances on these situations

---

[1] Liberally construed, Monroe is seeking injunctive relief, thereby necessitating a determination by a United States District Court Judge. *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief[.]" Thus, this opinion is a recommendation only, not an order.

that ha[ve] failed to be answered or even looked into despite the fact of months passing by, and incidents keep happening";

- Monroe has "put in grievances asking for boundaries to be set . . . between me and [Rodriguez] [which have] been ignored"; and

- Monroe has "no phone rights, commissary, or visitation privileges until late 2026 because of restrictions set by the jail which hinders me from communicating with important family and my kids, also talking with lawyers to handle my legal issues more thoroughly and effectively."

*Id*. at 1–2.

The Court should deny Monroe's motion, for multiple reasons.

First, N.C. Gen. Stat. § 162-39 does not give this Court the authority to order Monroe's transfer. The statute gives such authority only to "the resident judge of the superior court or any judge holding superior court in the district or any district court judge," which presumably refers to North Carolina district court judges, not federal district court judges. *See* N.C. Gen. Stat. 162-39(a), (b).

Second, even if the Court were to construe Monroe's filing as a motion for a temporary restraining order or a preliminary injunction effectuating Monroe's transfer, the motion would still not succeed. Such a motion would need to show that Monroe is likely to succeed on the merits, will suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 465 (D.S.C. 2020). The Court could then make findings of fact for the limited purpose of resolving the motion. *E.g., Doe v. Noem*, 783 F. Supp. 3d 907, 916 n.2 (W.D. Va. 2025) (making findings of fact to resolve a preliminary injunction); *Planned Parenthood S. Atl. v. Stein*, 680 F. Supp. 3d 595, 597 (M.D.N.C. 2023) (making findings of fact to resolve a Temporary Restraining Order).

But Monroe's motion makes no arguments regarding likely success on the merits, the balance of equities, or the public interest. And to the extent that Monroe's allegations can be construed as arguments for irreversible harm, they are unpersuasive. Monroe's allegations about safety—e.g., that Rodriguez has communicated "threats" to Monroe, Docket Entry 20 at 1—are too vague to support any finding in Monroe's favor.

Further, Monroe's allegations regarding missing legal materials, unanswered grievances, and prohibited communication with

2

family and lawyers are unsupported by any evidence. The defendants have produced documentation showing that officers responded to Monroe's grievances and told him where he could find his legal materials. *See* Docket Entries 22-1, 22-2. The defendants have also produced documentation showing that Monroe was placed on administrative segregation for assaulting another inmate, *see* Docket Entry 22-3, but, the defendants allege, he remains able to "use email, write letters, or have attorney-client visitation," Docket Entry 21 at 4.

Monroe's motion and reply also contain copies of discovery requests sent to the defendants, and commentary from Monroe stating that the defendants have "failed to comply to turn over ALL" of Monroe's grievances, and that Monroe will therefore "once again . . . be filing a written discovery motion." Docket Entry 22 at 2; *see also* Docket Entry 20 at 3. But Monroe does not move to compel production of his grievances, and in any case, the defendants appear to have produced them all. *See* Docket Entry 23-1 at 3.

For the above reasons, **IT IS HEREBY RECOMMENDED** that the Court **DISMISS** Monroe's motion to be heard, Docket Entry 20.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

March 2, 2026